IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SHELIA RAY WOMACK,                    )
                                      )
          Plaintiff,                  )
                                      )
v.                                    )     Civil Action No. 3:12CV11–HEH
                                      )
TRANSPORTATION INSURANCE              )
COMPANY,                              )
                                      )
          Defendant.                  )

MEMORANDUM OPINION
(Granting Defendant's Motion to Stay Proceedings Pending
Decision of the Virginia Supreme Court)

This is an action for breach of contract and damages for bad faith denial of

insurance coverage.   Plaintiff's claim, in essence, seeks contractual enforcement of a

judgment rendered by the Circuit Court of the City of Richmond, Virginia.  Although that

judgment is currently on appeal to the Supreme Court of Virginia, Plaintiff contends that

Defendant insurance carrier is obligated to either pay the judgment in full immediately or

file a supersedes bond.

The case is presently before the Court on Defendant Transportation Insurance

Company's ("Transportation") Motion to Dismiss, pursuant to Federal Rule of Civil

Procedure 12(b)(6) for failure to state an actionable claim, and Transportation's Motion

to Stay, or in the Alternative, to Bifurcate.  At core, Transportation contends that under

neither the law of Virginia nor the terms of the governing insurance policy is the carrier

obligated to pay a judgment until it is final.  Assuming that the judgment of the

Richmond Circuit Court survives appellate review, Transportation argues that it will not be final until a mandate is issued by the Virginia Supreme Court affirming the lower court's decision. Absent a viable judgment, Transportation maintains that Plaintiff's Complaint fails to plead a plausible claim for breach of the underinsured motorist provision of the insurance contract in this case. Both sides have filed legal memoranda supporting their respective positions, accompanied by documents referred to in the Complaint. This Court heard oral argument on March 12, 2012.

According to the Complaint, originally filed in the Circuit Court of the County of New Kent and removed to this Court, the Plaintiff was involved in an automobile accident in the City of Richmond, Virginia on April 24, 2008. At the time of the accident, Plaintiff was acting within the scope of her employment with Lanier Parking. It appears to be uncontested that Lanier Parking had a valid insurance policy issued by Transportation, which included an underinsured motorist provision. Moreover, coverage under the policy in question does not appear to be at issue in the immediate litigation.

As a result of the accident, Plaintiff filed a personal injury claim in the Circuit Court for the City of Richmond, Virginia, seeking damages of $4,000,000, plus interest, against the driver of the vehicle that caused the collision, Jerrene Yeoman. After receiving notice of the pending action, Transportation filed a separate answer in its own name, pursuant to Virginia Code § 38.2-2206(f), asserting a number of defenses. (Notice of Removal, Ex. A at 10–18, ECF No. 1.)

According to the Complaint,

On October 15, 2011, Plaintiff presented a Motion for Summary Judgment to the Richmond Circuit Court contending that the Defendant was bound by a previous sworn statement in her bankruptcy petition wherein she acknowledged owing the amount claimed by the Plaintiff. On November 3, 2011, Judge Margaret Spencer issued a summary judgment in the amount of four million dollars against tortfeasor driver, Jerrene Yeoman . . . .

(*Id.* at 3.) In Judge Spencer's Order, which emanated from the summary judgment hearing, she noted

Here, the insurer–Transportation Insurance Company–filed an answer, which pled and averred "any and all affirmative defenses required by law." Further, Transportation called on "the Defendant and her liability insurance carrier to plead and prove these affirmative defenses." In this case, the defendant and her liability insurance carrier admitted liability.

(*Id.* at 20.)

In denying the motion for reconsideration filed by Transportation, Judge Spencer found that Transportation had been afforded a full opportunity to defend the action. Transportation disagrees and filed a notice of appeal with the Virginia Supreme Court.[1] Plaintiff's breach of contract claim in effect seeks enforcement of the Richmond Circuit Court Order awarding judgment in the amount of $4,000,000 against Jerrene Yeoman, the tortfeasor. Neither the November 3, 2011 Order, nor the court's ruling on the motion for summary judgment, mentions liability on the part of Transportation. The sole source of Transportation's obligation to pay that portion of the award beyond the tortfeasor's insurance coverage is the insurance contract. The pertinent portion of that contract is found on page 2 of the Uninsured Motorists Endorsement (Virginia) Section B: "'[w]e'

---

[1] Transportation not only maintains that the trial court deprived it of an opportunity to present its defense, but also misapplied the long-standing rule in Virginia prohibiting a litigant from adopting inconsistent positions with respect to issues in litigation. *See Matthews v. Matthews*, 277 Va. 522, 528 (2009).

will pay in accordance with the Virginia Uninsured Motorists Law, all sums the 'insured' is legally entitled to recover as damages from the owner or operator of an 'uninsured motor vehicle.'" (Def.'s Mem. Law in Supp. Mot. Dismiss, Ex. A, Part 1, 68, ECF No. 4.) Plaintiff contends that her Complaint states a plausible claim for immediate payment of the judgment amount or the posting of a supersedes bond to stay enforcement of the judgment pending disposition by the Virginia Supreme Court.

This Court's analysis of Plaintiff's Rule 12(b)(6) motion begins with the fundamental question of what constitutes an enforceable judgment triggering an insurance carrier's obligation to pay the resulting claim. The insurance contract, which is referenced in the Complaint, is silent as to the defining event and simply requires that payment be made in accordance with state law.[2] While this issue is undoubtedly common in the insurance industry, it does not appear to have been squarely addressed by the Virginia Supreme Court. Some guidance, however, is provided in *State Farm Mut. Auto. Ins. Co. v. Kelly*, 238 Va. 192 (1989). In that case, the court concluded that "State Farm is not liable to an insured unless and until the '*insured is legally entitled to collect*' from the uninsured motorist. . . ." 238 Va. at 195 (citing *Midwest Mut. Ins. Co. v. Aetna Cas. & Surety Co.*, 216 Va. 926, 929 (1976)) (emphasis added).[3]

It is a fossilized principle of law that a judgment may be final as to one party but not as to another. *Dearing v. Walter*, 175 Va. 555, 560 (1940). If the judgment awarded

---

[2] The insurance policy underlying Plaintiff's claim is attached as Exhibit A to Transportation's Memorandum of Law in Support of its Motion to Dismiss.

[3] The insurance policy in *State Farm* mentioned above provided: "[w]e will pay damages for *bodily injury* and *property damage* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle*." 238 Va. at 195 n.3 (emphasis in original).

4

by the Richmond Circuit Court in the underlying tort action was against both the tortfeasor and the insurance carrier, this case would be in a different posture. *See Nationwide Mut. Ins. Co. v. Hylton*, 260 Va. 56 (2000). In that event, in order to suspend execution of the final tort judgment, Transportation would be required to post a supersedes or appeal bond pursuant to Va. Code § 8.01-676.1. To require the insurance carrier to post an appeal bond prior to the entry of judgment against it in an action on the insurance contract would be contrary to well-established Virginia law. *See Nationwide Mut. Ins. Co.*, 260 Va. at 61; *Doe v. Brown*, 203 Va. 508, 515 (1960).

The linchpin of Plaintiff's contract action against the insurance carrier is the judgment pronounced by the Richmond Circuit Court. Obviously, its viability is critical to Plaintiff's recovery. If that judgment is reversed by the Virginia Supreme Court, there is no *present* basis for Plaintiff's contract claim. Therefore, to allow this case to proceed further in its current posture would require the Court to assume the validity of the judgment at issue.[4] This Court's review of the Richmond Circuit Court record, submitted by the parties in their various pleadings, however, would not readily support that assumption. To the contrary, Transportation's appeal raises issues that are far from facially frivolous.

This Court has the inherent power to grant a stay of proceedings in furtherance of the efficient management of its docket. *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). In exercising such discretion, district courts must weigh

---

[4] If this Court were to proceed as the Plaintiff suggests, and the judgment in the Richmond Circuit Court was reversed, unwinding this Court's decision and restoring the parties to their original position would be a challenging task.

competing interests and maintain an even balance. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55, 57 S. Ct. 163, 165–66 (1936). This includes a careful consideration of the effect of a stay on the Plaintiff in this case. Certainly, the Plaintiff may be inconvenienced by a short delay in receiving payment on the judgment should it survive on appeal. On the other hand, if the judgment in the Richmond Circuit Court is reversed, she will be the subject of litigation seeking to recoup the insurance carrier's payment.

Furthermore, it is questionable whether the immediate contract action can be decided independently of the final judgment of the Virginia Supreme Court. Even if it could, inconsistent decisions on the validity of the underlying judgment could add a further dimension of complexity to its enforcement.

Therefore, in the final analysis, this Court finds by clear and convincing circumstances that the inconvenience to Plaintiff occasioned by a short stay of proceedings is outweighed by the potential harm to Transportation should the underlying judgment be reversed. Consequently, Transportation's Motion to Stay pending resolution of the appeal of the judgment of the Richmond Circuit Court will be granted.

An appropriate Order will accompany this Memorandum Opinion.

                                 /s/

                                   Henry E. Hudson
                                   United States District Judge

Date: March 14 2012
Richmond, VA